**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA C. CARO PADILLA,<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br><br>Defendant. | ) | CASE NO. 1:23-cv-262<br><br>CHIEF JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is plaintiff Maria C. Caro Padilla's ("Padilla") motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $6,000.00. (Doc. No. 13 (Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)).) For the reasons set forth below, the motion is **GRANTED** in part.

## I. BACKGROUND

On February 9, 2023, Padilla filed this action seeking judicial review of defendant the Commissioner of Social Security's ("Commissioner") denial of her application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income benefits. (Doc. No. 1 (Complaint), at 1.[1]) On May 22, 2023, the parties jointly stipulated to reverse and remand this matter to the Commissioner for further administrative proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 8 (Joint Stipulation to Remand).) On May 24, 2023, this Court ordered that the decision of the Commissioner be reversed

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

and the matter be remanded. (Doc. No. 9 (Remand Order).) On July 14, 2023, the parties jointly stipulated to an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $1,365.00. (Doc. No. 10 (Joint Stipulation for EAJA Fees), at 1.) On July 17, 2025, this Court ordered that an award of attorneys' fees pursuant to the EAJA in the amount of $1,365.00 be awarded. (Doc. No. 11 (Order Awarding EAJA Fees).)

On February 9, 2026, following remand, the Administrative Law Judge ("ALJ") found for Padilla and awarded her "$86,386.92 in past due disability benefits." (Doc. No. 13, at 5.) The ALJ in turn awarded Padilla's counsel, Matthew Shupe ("Shupe"), the statutory maximum "fee of $9,200.00 for work performed before the agency consistent with the attorney fee agreement."[2] (*Id.* at 1.) On June 28, 2026, the SSA issued a letter to Padilla notifying her that it was further "[w]ithholding $21,596.73, which represents 25% of" Padilla's past-due SSDI benefits, "in anticipation of direct payment of authorized representative fees." (Doc. No. 13-1 (June 28, 2026 SSA Letter), at 1.) On August 26, 2026, Padilla moved for an award of attorneys' fees in the amount of $6,000.00 pursuant to the 25% contingency fee arrangement. (Doc. No. 13, at 1–2; Doc. No. 13-3.) On August 28, 2026, the Commissioner responded to Padilla's motion, taking no position on "counsel's request for attorney's fees in the amount of $,6000.00 under 42 U.S.C. § 406(b)." (Doc. No. 15 (Commissioner Response), at 1.)

## II. LEGAL STANDARD

Attorneys' fees are available by statute for representation in this matter pursuant to (1) the EAJA, paid by the government, to a "prevailing" plaintiff; (2) § 406(a) for representation in

---

[2] Padilla's attorney fee agreement provides that "if the [SSA] favorably decides [her] claim . . . [Padilla] will pay a maximum fee of the lower of (a) 25% of all past-due benefits resulting from [Padilla's] claim, or (b) the maximum applicable amount set by the Commissioner under 42 U.S.C. § 406(a) which is currently $6,000, but may be increased from time to time by the Commissioner." (Doc. No. 13-3 (Padilla Attorney Fee Agreement)); Maximum Dollar Limit in the Fee Agreement Process, 89 Fed. Reg. 40,523–24 (May 10, 2024) ("increasing the maximum dollar amount limit for fee agreements" from $7,200 to $9,200); *see also* 42 U.S.C. § 406(a)(2)(A)(ii)(II).

administrative proceedings; and (3) § 406(b) for representation before the federal courts. *Culbertson v. Berryhill*, 586 U.S. 53, 55, 57, 139 S. Ct. 517, 202 L. Ed. 2d 469 (2019) (citations omitted). Under § 406(b), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," it may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); *see Culbertson*, 586 U.S. at 59. A district court "is not bound to award recovery according to the stated agreement." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc).

Unlike the § 406(a)(2)(A)(ii)(II) administrative fee cap, § 406(b) contains no dollar cap. Within § 406(b)'s 25% ceiling, the amount awarded is left to a district court's discretion. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (§ 406(b) calls for "court review of [contingency-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."). That discretion is not unbounded. *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (a fee that yields a calculated hourly rate less than twice the standard rate for such work in the relevant market is *per se* reasonable).

In this circuit, an award that exceeds twice the standard rate in the relevant market but stays within the 25% cap is not *per se* reasonable; instead, it receives only "the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746; *see Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Within the cap, "the attorney for the successful claimant must [still] show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. When the calculated rate equals or exceeds twice the standard rate, such a fee "may well be reasonable," and a court may not simply substitute "whatever flat hourly rate [it] deems reasonable." *Hayes*, 923 F.2d at 421–22.

When a court declines to give an agreement full effect, it must "state for the record the deductions being made and the reasons." *Id.* Deductions generally fall into two categories: (1) those occasioned by improper conduct or ineffectiveness of counsel; or (2) situations where counsel would otherwise enjoy a windfall "because of either an inordinately large benefit award or from minimal effort expended." *Id.*; *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 643 (6th Cir. 2025). In assessing whether a particular award represents a possible windfall, courts should consider "the difficulty of the case, the results achieved, whether the attorney was responsible for any delay, and other factors." *Tucker v. Comm'r of Soc. Sec.*, No. 6:22-cv-212, 2024 WL 5683156, at *2 (E.D. Ky. Sept. 10, 2024) (citation omitted), *aff'd*, 136 F.4th 639 (6th Cir. 2025). The Court may also consider counsel's hours and standard rates. *Gisbrecht*, 535 U.S. at 808; *Lasley*, 771 F.3d at 309–10.

## III. DISCUSSION

Padilla's counsel, Shupe, argues that the existing attorney fee agreement (Doc. No. 13-3) is reasonable and proper as it does not exceed the 25% ceiling imposed by § 406(b). (Doc. No. 13, at 5–8.) The agreement reads in relevant part,

> I agree that if SSA favorably decides my claim at the Appeals Council (AC) level; or at the ALJ hearing level ***after*** a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides my case, I will pay my attorney a fee equal to 25 percent of all past-due benefits in my Social Security and/or SSI disability claims for me and my family.

(Doc. No. 13-3 (emphasis in original).) Because the contingent fee term in the agreement does not exceed 25% of past due benefits payable to Padilla, it is proper under § 406(b)(1)(A).

Padilla was awarded $86,386.92 in past due benefits; thus, a full 25% fee would yield an award of $21,596.73. Shupe's request for $6,000.00 is therefore within the statutory ceiling. However, pursuant to § 406(b) and *Gisbrecht*, it is this Court's responsibility to review whether a

$6,000.00 award is reasonable under the circumstances. *Gisbrecht*, 535 U.S. at 808–09 (the Supreme Court directs that a district court should look "first to the contingent-fee agreement, then test[] it for reasonableness."); *see Tucker*, 136 F.4th at 643; *Herakovic v. Comm'r of Soc. Sec.*, No. 1:23-cv-1326, 2026 WL 2146922, at *2–3 (N.D. Ohio July 27, 2026). For the reasons set forth below, the Court concludes that Shupe's requested $6,000.00 fee would represent a windfall, and instead awards Shupe $5,183.22.

**A. The Effective Hourly Rate Triggers Review**

It is not improper to convert a contingent fee to an hourly rate and treat that rate "as part of the [reasonableness] calculus." *Royzer v. Sec'y of Health & Hum. Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). Shupe's time records reflect 6.0 hours of work spent performing minimal and routine tasks in securing remand: reviewing the administrative record, preparing the complaint, communicating with opposing counsel, and reviewing court orders. (Doc. No. 13-4 (Shupe Time Entries).) If Shupe requested the full 25% fee available under the agreement, he would be seeking an hourly rate of $3,599.46. In requesting $6,000.00 Shupe seeks an award with an effective hourly rate of $1,000.00. Shupe attests that his standard hourly rate during the relevant year was $400.00. (Doc. No. 13-5 (Shupe Affidavit), at 1.) Shupe's requested fee is thus two and a half times his standard rate and nearly three times the average hourly rate for similarly situated attorneys. (*Id.*; Doc. No. 13-6 (Ohio Attorney Economics Survey), at 45 (noting that in 2019 among the four respondents who provided their hourly billing rates in social security cases, "$336" was the mean

and "$363" the median).) Shupe has offered documentation of rates awarded in other cases in this district at or near $1,000.00 per hour, and the Court has considered them.[3] (Doc. No. 13, at 5–6.)

Because Shupe's requested award exceeds twice the standard rate, the fee is not *per se* reasonable, and the Court may consider whether the presumption of reasonability is rebutted here. *Hayes*, 923 F.2d at 422. A fee within the range of rates previously received by an attorney or that other attorneys have received does not answer whether ***this*** fee yields a windfall on ***these*** facts. *See supra* Section III.A, at 5 n.3; (Doc. No. 13-6, at 45; Doc. No. 13-7 (Attorney Louise Mosher Affidavit).)

1. *The Court's additional reasoning*

The Court does not rest its decision on the effective hourly rate calculation alone. *Hayes*, 923 F.2d at 421. Three considerations support a reduction. *First*, Shupe's work before this Court was efficient and modest. (*See* Doc. No. 13-4.) The Court appreciates Shupe's skill and the efficiency with which this matter was handled; however, there was a notable lack of any need to review the administrative record or prepare briefing (*see id.*), and the matter ended with a joint stipulation to remand. These are the precise "minimal effort" circumstances in which counsel "would otherwise enjoy a windfall." *Rodriquez*, 865 F.2d at 746. *Second*, the requested fee rests on a mistaken premise: Shupe represents in his briefing that $6,000.00 equals 6% of the $86,386.92 awarded to Padilla. (Doc. No. 13 ¶ 4, ¶ 4 n.2.) That is incorrect. 6% of $86,386.92 is $5,183.22. $6,000.00 represents 6.95% of the $86,386.92 awarded to Padilla. *Third*, counsel's own representation supplies a principled measure of reasonableness. Shupe himself twice characterizes

---

[3] Each case cited by Shupe involved considerably more work and hours expended than in the case *sub judice*. *Cantley v. Comm'r of the Soc. Sec. Admin.*, No. 1:19-cv-558, 2021 WL 9098562 (N.D. Ohio Dec. 10, 2021) (21.9 hours); *Bullock v. Comm'r of Soc. Sec.*, No. 1:15-cv-2158, 2020 WL 264258 (N.D. Ohio Jan. 17, 2020) (23.6 hours); *Green v. Comm'r of Soc. Sec. Admin.*, No. 1:14-cv-358, 2017 WL 3394738 (N.D. Ohio Aug. 8, 2017) (24.4 hours); *Reynolds v. Comm'r of Soc. Sec.*, No. 3:15-cv-2370, 2019 WL 479116 (N.D. Ohio Feb. 7, 2019) (20.8 hours); *Scappino v. Comm'r of Soc. Sec. Admin.*, No. 1:12-cv-2694, 2015 WL 7756155 (N.D. Ohio Dec. 1, 2015) (21 hours).

6% as fair and reasonable. (*Id.* ¶ 4, ¶ 4 n.2.) The Court therefore has not wantonly selected "whatever flat hourly rate [it] deems reasonable." *Hayes*, 923 F.2d at 421.

Furthermore, Shupe has not shown that the work performed before this Court warrants more than the 6% proportion he has proposed. *Gisbrecht*, 535 U.S. at 807. Shupe contends that "[c]ounsel's fee request is based on Sixth Circuit case law and on the fact that his practice spent a significant number of hours prosecuting this case and obtaining an excellent result." (Doc. No. 13, at 5.) Although the excellent result (a fully favorable decision) is not in question (*see, e.g.*, Doc. No. 13-2 (SSA ALJ Decision), at 1), six hours is not a significant number of hours, nor were the tasks recorded in Shupe's time logs particularly complex or novel. (Doc. No. 13-4.) Shupe aptly notes that "[e]ach tribunal may award fees only for the work done before it." (*Id.* at 4 (citing *Horenstein v. Secretary of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc)).) He indicates that awarding 6% of Padilla's award, given the nature of the work, presumably, is reasonable. This Court agrees, but in computing the dollar amount, 6% of the award is $5,183.22, not $6,000.00.

**B. The Court's Award**

The Court is mindful that "Congress has put the responsibility on the federal judiciary to make sure that fees charged are reasonable and do not unduly erode the claimant's benefits." *Royzer*, 900 F.2d at 982. Although the Court finds that a $1,000.00 hourly rate amounts to a windfall due to the nominal amount and straightforward nature of the work performed, the Court also recognizes the risk Shupe assumed in this contingent fee arrangement, the necessity of representation in these matters, the favorable result obtained, and the nature of the work performed, which taken together convince the Court that Shupe's 6% fee award request is reasonable. *See, e.g.*, *Barnett v. Saul*, No. 7:19-cv-35, 2021 WL 684117, at *4 (E.D. Ky. Feb. 22, 2021); *Hunt v. Colvin*, No. 11-cv-236, 2016 WL 3574398, at *2 (E.D. Ky. June 27, 2016).

The Court awards Shupe $5,183.22, which is 6% of $86,386.92, and the appropriate percentage suggested by Shupe. This award amounts to an effective hourly rate of approximately $863.87, about two and one sixth times Shupe's ordinary billing rate, and well over two times the mean and median hourly rates of Shupe's proffered comparators. Post-*Culbertson*, § 406(b)'s lack of a dollar cap is not designed to end run or supplement § 406(a)'s cap where the work before the district court was limited, and the Court has considered that in assessing whether an award above the 6% share is warranted.

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS** in part Padilla's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 13.) Shupe is awarded attorney fees under the Social Security Act, 42 U.S.C. § 406(b), in the gross amount of $5,183.22. Because counsel was previously awarded $1,365.00 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, as partial satisfaction of the § 406(b) award, the net amount due and owing to counsel is $3,818.22. *See Gisbrecht*, 535 U.S. at 796; *see also Tucker*, 2024 WL 5683156, at *2 (ordering that "the net amount due and owing to counsel" be the gross amount less the previously paid out EAJA award). Accordingly, the Court directs that payment of attorney fees to Shupe be made in accordance with this opinion.

**IT IS SO ORDERED**.

Dated: November 10, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**